IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZURI S. YOUNG, | |
| Plaintiff, | No. CIV S-03-1680 LKK KJM P |
| vs. | |
| K.M. CHASTAIN, et al, | ORDER AND |
| Defendants. | FINDINGS AND RECOMMENDATIONS |
| _____/ | |

   Plaintiff is a prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. He has filed several motions, which are pending before the court.

I. <u>Motion For Discovery</u>

   On February 2, 2006, plaintiff filed a "motion under F.R.C.P. #26(a) thru (f) et al; Scope Of Discovery in the Support Thereof. . . ." (docket no. 55). This document does not appear to be a motion to compel discovery, but rather seems to be a list of things plaintiff is asking the defendants to produce.

   Plaintiff is informed that court permission is not necessary for discovery requests and that neither discovery requests served on an opposing party nor that party's responses should be filed until such time as a party becomes dissatisfied with a response and seeks relief from the court pursuant to the Federal Rules of Civil Procedure. Discovery requests between the parties

1

shall not be filed with the court unless, and until, they are at issue.

II. <u>Plaintiff's Ex Parte Application For Injunctive Relief And Temporary Restraining Order</u>

Plaintiff seeks an order directing various defendants to refrain from retaliating against him for his pursuit of this litigation (docket no. 56). He bases the motion on the experience of other pro se plaintiffs and opines that "the course of this litigation will not run smoothly without this order." Ex Parte Application at 2.

Plaintiff filed similar motions on November 26, 2003 and July 8, 2004. Both were denied. Plaintiff's current motion adds nothing more definite or concrete than his two prior pleadings. Moreover, he seeks to enjoin the action of defendants Chastain, Lea, Flint, Blackburn, Fields and Green, who are employees at California State Prison-Sacramento. Plaintiff is no longer housed at that prison however; his pleading shows he is currently housed at Kern Valley State Prison.

When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. <u>See</u> <u>Weinstein v. Bradford</u>, 423 U.S. 147, 149 (1975); <u>Dilley v. Gunn</u>, 64 F.3d 1365, 1368-69 (9th Cir. 1995). Accordingly, plaintiff's motion should be denied as moot.

In the order and findings and recommendations filed January 3, 2005, this court made the same ruling in denying plaintiff's request for temporary injunctive relief and recommending that the request for a preliminary injunction be denied. In that same order, the court warned plaintiff that he was subject to sanction should he continue to file frivolous motions. Because plaintiff has filed such a motion, he will be directed to show cause why he should not be subject to monetary sanctions.

III. <u>Plaintiff's Pretrial And Discovery Motion (Docket No. 64)</u>

On April 3, 2006, plaintiff filed a document entitled "Plaintiff's Pre-Trial And Discovery Motion As Set Forth In Scheduling Order." Because plaintiff refers to L.R. 16-281, it appears that this is plaintiff's pretrial statement rather than an order requesting any relief. Indeed,

plaintiff simply provides a short procedural history of the case and gives a summary of evidence he intends to introduce at trial. Although the document is entitled a motion, the court will deem it to be plaintiff's pretrial statement. No action will be taken on it until the pretrial conference, currently scheduled for July 14, 2006.

IV. <u>Plaintiff's Motion For An Order Permitting Him To Wear Civilian Clothing (Docket No. 54)</u>

In the order of February 9, 2004, this court denied a similar motion without prejudice, noting that such a motion is one to be raised before the district judge who will try the case. This motion will again be denied without prejudice to it being raised at the trial confirmation hearing. Should plaintiff continue to file such duplicative motions, he will be subject to sanctions.

IT IS HEREBY ORDERED:

1. Plaintiff's February 2, 2006 motion for discovery is denied.

2. Plaintiff's February 2, 2006 motion for a temporary restraining order is denied.

3. Plaintiff's February 2, 2006 motion for an order permitting him to wear civilian clothing at trial is denied without prejudice.

4. Plaintiff's April 3, 2006 "pretrial and discovery motion" is deemed to be plaintiff's pretrial statement.

5. Within fifteen days from the date of this order, plaintiff is to show cause why he should not be subject to a $50 sanction for filing his February 2, 2006 motion for a temporary restraining order and a preliminary injunction in light of this court's finding on January 3, 2005, that an essentially similar motion was frivolous.

IT IS HEREBY RECOMMENDED that plaintiff's February 2, 2006 request for a preliminary injunction be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file

1  written objections with the court.  The document should be captioned "Objections to Magistrate
2  Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections
3  within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v.</u>
4  <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5  DATED:  April 24, 2006.

```
                                            _____
                                            UNITED STATES MAGISTRATE JUDGE
```

2
youn1680.mm