1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9         FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ZURI S. YOUNG,

11         Plaintiff,                    No. CIV S-03-1680 LKK KJM P

12      vs.

13   K.M. CHASTAIN, et al.,              ORDER AND

14         Defendants.                   FINDINGS AND RECOMMENDATIONS

15   _____/

16         Plaintiff is a state prison inmate proceeding pro se with a civil rights action under

17   42 U.S.C. § 1983; he has paid the filing fee.  He has filed a motion for summary judgment;

18   defendants have not opposed the motion.[1]

19   I. Motion For Summary Judgment

20         A.  Standards Under Rule 56

21         Summary judgment is appropriate when it is demonstrated that there exists "no

22   genuine issue as to any material fact and that the moving party is entitled to a judgment as a

23   matter of law."  Fed. R. Civ. P. 56(c).

24   /////

25   _____

26         [1] Defendants have filed their own summary judgment motion, which will be addressed
     separately.

                                            1

1    Under summary judgment practice, the moving party

2    always bears the initial responsibility of informing the district court
     of the basis for its motion, and identifying those portions of "the
3    pleadings, depositions, answers to interrogatories, and admissions
     on file, together with the affidavits, if any," which it believes
4    demonstrate the absence of a genuine issue of material fact.

5    Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  "[W]here the

6    nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary

7    judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers

8    to interrogatories, and admissions on file.'"  Id.  Indeed, summary judgment should be entered,

9    after adequate time for discovery and upon motion, against a party who fails to make a showing

10   sufficient to establish the existence of an element essential to that party's case, and on which that

11   party will bear the burden of proof at trial.  See id. at 322.  "[A] complete failure of proof

12   concerning an essential element of the nonmoving party's case necessarily renders all other facts

13   immaterial."  Id.  In such a circumstance, summary judgment should be granted, "so long as

14   whatever is before the district court demonstrates that the standard for entry of summary

15   judgment, as set forth in Rule 56(c), is satisfied."  Id. at 323.

16       If the moving party meets its initial responsibility, the burden then shifts to the

17   opposing party to establish that a genuine issue as to any material fact actually does exist.  See

18   Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to

19   establish the existence of this factual dispute, the opposing party may not rely upon the

20   allegations or denials of its pleadings but is required to tender evidence of specific facts in the

21   form of affidavits, and/or admissible discovery material, in support of its contention that the

22   dispute exists.  See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11.  The opposing party

23   must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome

24   of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

25   (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.

26   1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could

2

1  return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433,

2  1436 (9th Cir. 1987).

3          In the endeavor to establish the existence of a factual dispute, the opposing party

4  need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the

5  claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

6  versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary

7  judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a

8  genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory

9  committee's note on 1963 amendments).

10         B.  Plaintiff's Motion

11         In the verified complaint, plaintiff alleges that defendants Blackburn, Green and

12  Flint ordered him to be placed in administrative segregation for his own safety, even though he

13  did not have enemies on C-Yard.  Complaint (Compl.) at 5.  This action was based on false

14  information and was taken in retaliation for his complaints of and investigations into misconduct.

15  Compl. at 6-7.  Defendants Lea and Chastain then ordered him released to B-Yard, even though

16  they were aware he had enemies on that yard.  Id.

17         Plaintiff alleges that "defendant(s) can not, and will not present any genuine

18  issue(s) of material facts warranting trial.  They can not, and will not dispute, 'their own

19  documents.'" Motion for Summary Judgment (MSJ) at 3.  He alleges that the evidence submitted

20  in support of the complaint "proves and supports plaintiff(s) claims. . .," MSJ at 2, but does not

21  direct the court's attention to particular documents submitted with the complaint.  He has

22  supported the summary judgment motion with his own affidavit, in which alleges he was

23  "arbitrarily, capriciously, maliciously, punitively placed in CSP-Sac IV's administrative

24  segregation . . . based on defendants generated confidential information," all of which has been

25  used as a pretext to retaliate "and punish plaintiff for doing what the law allows him to do." MSJ

26  at 5.

1  Plaintiff's conclusory affidavit is insufficient support for his motion.  See

2  Fitzgerald v. Corrections Corp. of America, 403 F.3d 1134, 1145 (10th Cir. 2005).  Moreover,

3  his reliance generally on the documents in support of his complaint also is insufficient.  Plaintiff

4  fails to identify those documents he believes demonstrate the conclusive nature of his case; the

5  court is not required to search the record to develop support for plaintiff's motion.  Schneider v.

6  TRW, Inc., 938 F.2d 986, 990 n.2 (9th Cir. 1991).

7  II.  Sanctions

8  On April 26, 2005, the court directed plaintiff to show cause why he should not be

9  subject to monetary sanctions for filing an essentially duplicate motion, which the court

10  previously had found to be frivolous.  Plaintiff has not responded.  Accordingly, the court will

11  direct plaintiff to pay $50.00 to the court's unallocated fund within thirty days of the date of this

12  order.

13  IT IS HEREBY ORDERED that:

14  1.  Plaintiff is directed to pay $50.00 to the court's unallocated fund within thirty

15  days of the date of this order.  Failure to comply may result in an order recommending dismissal

16  of this action.

17  2.  The Clerk of the Court is directed to serve a copy of this order on the Financial

18  Division of this court.

19  IT IS HEREBY RECOMMENDED that plaintiff's motion for summary judgment

20  be denied.

21  ////

22  /////

23  ////

24  ////

25  /////

26  /////

4

1    These findings and recommendations are submitted to the United States District

2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

3  days after being served with these findings and recommendations, any party may file written

4  objections with the court and serve a copy on all parties.  Such a document should be captioned

5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

6  shall be served and filed within ten days after service of the objections.  The parties are advised

7  that failure to file objections within the specified time may waive the right to appeal the District

8  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9  DATED:   July 28, 2006.

10

11    _____

12    UNITED STATES MAGISTRATE JUDGE

13

14

15

16  2
   youn1680.57

17

18

19

20

21

22

23

24

25

26